FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 19, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JONATHAN BROOKS HAWKINS, | |
| Petitioner, | No. 2:22-CV-00225-SAB |
| v. | |
| MELISSA ANDREWJESKI, | **ORDER DENYING PETITION** |
| Respondent. | **FOR WRIT OF HABEAS** |
| | **CORPUS** |

Before the Court is Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1. The Petition was considered without oral argument. Petitioner is represented by Jeffrey Erwin Ellis. Respondent is represented by Christopher Mark Fowler.

Petitioner is incarcerated at the Coyote Ridge Correctional Center in Connell, Washington. Petitioner challenges his September 27, 2016 convictions for (1) Rape of a Child in the First Degree; (2) Child Molestation in the First Degree; and (3) Rape of Child in the First Degree, in Grant County Superior Court. The Grant County Superior Court imposed a sentence of 216 months for Counts 1 and 3, to run concurrently, and 130 months on Count 2, to run consecutively.

Petitioner appealed the judgment and sentence to the Washington Court of Appeals. The judgment and sentence were affirmed, and the Washington Supreme Court denied review. Petitioner then filed a State post-conviction petition or

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** *1

Personal Restraint Petition (PRP). The PRP was denied by the Washington Court of Appeals, and the Washington Supreme Court denied review.

Having reviewed the parties' submissions, State court record, and applicable caselaw, the Court denies the Petition.

## FACTS

In affirming Petitioner's conviction, the Washington Court of Appeals outlined the facts as follows:

> In brief summary, the police investigation began after a family friend reported Mr. Hawkins to Child Protective Services (CPS) following a Facebook conversation during which Mr. Hawkins discussed the family's 'open' lifestyle. He described how females existed to provide sexual service to males and that his one-and-a-half- and four-year-old daughters assisted their mother in sexual activities with him. ….
>
> Multiple continuances of the *Ryan* hearing and the trial were obtained by both sides for varying reasons. The dependency proceedings resulted in R.D. and her siblings being placed out of state, a circumstance that created access problems. An additional problem arose when co-defendant Caitlyn Hawkins was sent to Eastern State Hospital to determine her competency to stand trial.
>
> . . . The prosecution later reached an agreement with Caitlin Hawkins to testify against her husband. As part of her "free talk" with the detectives, she showed them a lengthy Facebook messaging conversation with her husband that stretched more than 12 months. The messages included photographs and videos of sexual activities involving the family. She allowed access to her Facebook pages in order to allow the officers to view the entire conversation.
>
> The agreement with Caitlyn Hawkins faltered when the prosecution believed she had been untruthful with investigators. The State withdrew from the agreement and sealed the evidence obtained from her. When Facebook later responded to the search warrant by providing nearly 2,000 printed pages, the prosecution also sealed that material and declined to immediately turn any of it over to Mr. Hawkins. . . .
>
> Shortly before the *Ryan* hearing, the prosecution entered into a plea agreement with Caitlyn Hawkins and turned over the 2,000 pages of Facebook material. Trial was continued into the summer of 2016. The defense filed motions to

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS *2**

exclude testimony from Caitlyn, suppress the Facebook evidence, and for change of venue. The prosecution also was permitted to amend the information to add a count of first degree child rape of the one-and-a-half-year-old.

The motion to suppress was argued August 17, 2016. The court denied the motion to exclude testimony from Caitlyn Hawkins and withheld ruling on the suppression argument until the parties had filed additional briefing. Mr. Hawkins filed a waiver of jury trial on August 22, 2016. On September 1, the court entered an order denying the motion to suppress the Facebook evidence.

The case proceeded to bench trial September 14, 2016. The State presented testimony from two officers, a foster mother, Caitlyn Hawkins, and R.D. The child was found competent to testify and the forensic interview tape was admitted during her testimony by stipulation of the parties. Caitlyn Hawkins described the family's 'open' lifestyle and testified to instances of sexual contact she observed between R.D. and her husband. . . .

The court returned its verdict on September 27, 2016. Mr. Hawkins was found guilty on all three counts relating to the two children. The court also found the existence of the two alleged aggravating factors—particular vulnerability and a pattern of sexual abuse.

Sentencing was held November 22, 2016. The court imposed high end minimum term sentences consisting of 216 months on the two rape convictions and 130 months on the molestation conviction. Although the court ordered the two rape sentences to run concurrently with each other, the court imposed an exceptional sentence by directing that the molestation sentence be served consecutively to the rape convictions.

ECF No. 7-1 at 305 310. Other pertinent facts are interwoven in the discussion below.

## HABEAS PETITION

Petitioner asserts three claims in his petition for a writ of habeas corpus. Petitioner contends he was denied effective assistance of counsel when his attorney failed to advise him (i) of all consequences of waiving a jury trial, including the requirement that a jury's verdict be unanimous and bound by legal instructions,

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS *3**

and (ii) that the sitting judge would decide aggravating sentencing factors. Petitioner also alleges the State knowingly presented false and misleading testimony at trial.

## LEGAL STANDARD

**Habeas Petitions**

28 U.S.C. § 2254(a) provides that a prisoner in state custody may seek to remedy a violation of his federal constitutional rights by filing a writ of habeas corpus in federal court. Before seeking federal relief, the petitioner must exhaust his remedies in state courts. *Dixon v. Baker*, 847 F.3d 714, 718 (9th Cir. 2017) (quoting *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982)). A state prisoner must file a petition for federal habeas review within a one-year limitations period. Section 2244(d)(2) delineates that the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." The U.S. Supreme Court has specified that "[t]he time that an application for state postconviction review is 'pending'" includes "the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." *Evans v. Chavis*, 546 U.S. 189, 191 (2006).

The Court may grant relief only if a constitutional trial error caused actual and substantial prejudice. *Brecht v. Abrahamson*, 507 U.S. 619, 637–39 (1993). A petition shall not be granted if the state court proceedings reached the merits, unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1), (2).

//

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS *4**

**Ineffective Assistance of Counsel**

*Strickland v. Washington* governs ineffective assistance of counsel claims. 466 U.S. 668 (1984). A petitioner's conviction should be reversed if his counsel's assistance was so deficient that his or her defense was prejudiced. *Id.* at 687. Deficient performance requires a showing that counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional norms. *Hurles v. Ryan*, 752 F.3d 768, 778 (9th Cir. 2014) (citing *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)). To succeed, the petitioner must show that counsel's errors were so serious as to deprive them of a fair trial. *Strickland*, 466 U.S. at 687. There is a strong presumption that counsel's performance falls "within the wide range of reasonable professional assistance." *Id.* at 689.

A petitioner must demonstrate prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The reviewing court need not inquire into any alleged deficiencies in counsel's performance if the defendant has failed to make a sufficient showing of prejudice. *Id.* at 697. However, the complete denial of counsel during a critical stage of a judicial proceeding mandates a "presumption of prejudice," because the adversary process itself has been rendered "presumptively unreliable." *Roe v. Flores-Ortega*, 528 U.S. 470, 471 (2000) (quoting *United States v. Cronic*, 466 U.S. 648, 659 (1984)). Both elements of the *Strickland* test must be met before it can be said that a defendant received ineffective assistance of counsel. *United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005).

However, for federal habeas review under § 2254, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable.

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS *5**

1  The question is whether there is any reasonable argument that counsel satisfied
2  *Strickland*'s deferential standard." *Id.* at 105. The petitioner must affirmatively
3  demonstrate that it was unreasonable for the state court to have rejected his
4  *Strickland* claim. *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011). Therefore,
5  judicial review of a defense attorney's performance is considered to be "doubly
6  deferential when it is conducted through the lens of federal habeas." *Yarborough v.*
7  *Gentry*, 540 U.S. 1, 6 (2003).

**False Evidence**

"[A] conviction obtained through use of false evidence, known to be such by representatives of the State, must fall under the Fourteenth Amendment." *Napue v. People of State of Ill.*, 360 U.S. 264, 269 (1959). The same is true where the state, "although not soliciting false evidence, allows it to go uncorrected when it appears." *Id.* To prevail on a claim of the presentation of false evidence, "the petitioner must show that (1) the testimony (or evidence) was actually false, (2) the prosecution knew or should have known that the testimony [or evidence] was actually false, and (3) that the false testimony [or evidence] was material." *Hein v. Sullivan*, 601 F.3d 897, 908 (9th Cir. 2010) (quoting *United States v. Zuno-Arce*, 339 F.3d 886, 889 (9th Cir. 2003)). "False evidence is material 'if there is any reasonable likelihood that the false [evidence] could have affected the judgment of the jury.'" *Id.* (quoting *United States v. Bagley*, 473 U.S. 667, 678 (1985)).

**Certification of Appealability**

A petitioner seeking post-conviction relief may appeal a district court's dismissal of the court's final order in a proceeding under 28 U.S.C. § 2255 only after obtaining a certificate of appealability from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may issue only where the applicant has made "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To satisfy this standard, the applicant must "show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS *6**

have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted).

## DISCUSSION

### Timeliness of Habeas Petition

The State does not dispute that the Petition is timely. The Court agrees and finds it is timely filed because, excluding the time his PRP remained pending, the Petition was filed within one year after the judgment and sentence became final.

### Claims 1 and 2: Ineffective Assistance of Counsel

Petitioner argues he was denied effective assistance of counsel on two general grounds pertaining to his waiver of a jury trial.

First, Petitioner contends his trial attorney failed to explain to him the role of the jury and judge. Petitioner elaborates that his trial attorney informed him that judges decide cases based on the law, as an objective determination, while juries decide cases based on emotion. Petitioner claims his attorney failed to explain that a jury—like a judge—would be bound by the law and given instructions on how to apply the facts to the law. Relatedly, Petitioner asserts his attorney did not explain that, since a bench trial does not involve jury instructions, it would be easier to appeal a conviction after a jury trial if an instruction materially misstated the law. Petitioner further claims his trial attorney did not inform him that any conviction by a jury required unanimity.

Second, Petitioner claims he was denied effective assistance of counsel when his trial attorney failed to inform him that the trial judge would determine whether aggravating sentencing factors applied to his case. Petitioner claims that if he were properly informed on these issues, he would not have waived his right to a jury trial.

The Washington Court of Appeals briefly found as follows:

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS *7**

> A waiver of the right to jury trial is a waiver for all purposes. *State v Trebilcock*, 184 Wn. App. 619, 632, 341 P.3d 1004 (2014). A defendant who waives the right to a jury trial also waives the right to have a jury decide the existence of any aggravating factors. *Id.* at 631-634. This claim is without merit.

ECF No. 7-1 at 52. Considering his PRP, the Court undertook a much more thorough analysis on the issue:

> In a declaration filed with his petition, Hawkins states that defense counsel did not advise him that: . . . the jury would be provided and bound by jury instructions . . . [and] the jury would decide on aggravating circumstances alleged by the State[.] . . .
>
> While defense counsel possesses wide latitude over matters of trial strategy, certain decisions are of such moment that ultimate decision-making authority must reside with the defendant. *State v. Humphries*, 181 Wn.2d 708, 725, 336 P.3d 1121 (2014). These decisions include choices crucial to the accused's fate. *State v. Humphries*, 181 Wn.2d 708, 725 (2014). Such decisions extend to whether to waive the right to a jury trial. *State v. Humphries*, 181 Wn.2d at 725. A defendant's waiver of a jury trial is valid if he or she waives it knowingly, intelligently, voluntarily, and free from improper influences. *State v. Pierce*, 134 Wn. App. 763, 771, 142 P.3d 610 (2006). Defense counsel may compromise a waiver of constitutional rights by dispensing inaccurate or misleading information or by failing to provide needed information. *In re Personal Restraint of Amos*, 1 Wn. App. 2d 578, 593, 406 P.3d 707 (2017).
>
> Jonathan Hawkins relies on *In re Personal Restraint of Yung-Cheng Tsai*, 183 Wn.2d 91, 351 P.3d 138 (2015), in which one of the petitioners, Muhammadou Jagana, argued that defense counsel failed to ascertain his immigration status and provided him with no guidance as to the immigration consequences that could arise from entering a guilty plea. Jagana maintained that defense counsel's failures rendered his plea involuntary. The Washington Supreme Court held that the allegations, if true, established that Jagana did not receive effective assistance of counsel in deciding whether to plead guilty. *In re Personal Restraint of Yung-Cheng Tsai*, 183 Wn.2d at 107.
>
> Jonathan Hawkins also cites to State v. Stowe, 71 Wn. App. 182, 858 P.2d 267 (1993), in which Daniel Stowe told defense counsel that he did not want to accept the State's plea bargain, because he wished to continue his military career. For this reason, Stowe was willing to risk going to trial. Only when

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS *8**

counsel led him to believe that an *Alford* plea would allow him to maintain his Army career did Stowe seriously consider the prosecutor's plea bargain. Thereafter, Stowe pled guilty. Defense counsel's advice regarding an *Alford* plea was incorrect. This court held that counsel's failure to research the issue before issuing this advice was unreasonable and prejudicial to Stowe.

Jonathan Hawkins analogizes defense counsel's conduct to that of defense counsel's actions in Yung-Cheng Tsai and Stowe. Hawkins asserts that he was not fully informed of his rights and given inaccurate advice.

Jonathan Hawkins' argument fails. We distinguish *In re Personal Restraint of Yung-Cheng Tsai* because defense counsel has a statutory duty to advise a defendant regarding immigration consequences. RCW 10.40.200. Hawkins cites to no duty derived from statute or case law requiring defense counsel to inform a defendant of any consequences resulting from a waiver of the right to a jury other than the fact that a judge will try the case. We also distinguish *State v. Stowe* because Hawkins has not demonstrated that defense counsel provided him incorrect advice. . . .

Jonathan Hawkins further argues that two ABA standards for defense attorneys demonstrate that defense counsel's performance was deficient. Pursuant to the ABA standards, counsel needed to provide a full consultation with 'sufficiently detailed' advice for Hawkins to make an informed decision as to 'whether to waive a jury trial.' ABA, CRIMINAL JUSTICE STANDARDS FOR DEFENSE FUNCTION stds. 4-3.9, 4-5.2 (2017). ABA standards act as 'guides to determining what is reasonable, but they are only guides.' *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The proper measure of attorney performance remains simply reasonableness under prevailing professional norms. *Strickland v. Washington*, 466 U.S. at 688.

ABA CRIMINAL JUSTICE STANDARD 4-5.2(b)(v) reads that 'a competent client, after full consultation with defense counsel,' ultimately decides 'whether to waive jury trial.' ABA CRIMINAL JUSTICE STANDARD 4-3.9 generally advises defense counsel to keep his or her client informed about the progress of the defendant's case. It provides, in relevant part:

> (a) Defense counsel should keep the client reasonably and currently informed about developments in and the progress of the lawyer's services, including developments in pretrial investigation, discovery, disposition negotiations, and preparing a defense. Information should

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS \*9**

> be sufficiently detailed so that the client can meaningfully participate in the representation.
>
> Neither ABA standard, on which Jonathan Hawkins relies, enumerate the details defense counsel must provide a client when advising him or her about the decision to waive a jury trial. ABA CRIMINAL JUSTICE STANDARD 15.1.2(b) provides some guidance for this personal restraint petition. The standard declares that a defendant's jury trial waiver should not be accepted unless the defendant personally waived the right "after being advised . . . of his or her right to trial by jury and the consequences of waiver of jury trial." The consequences of waiving a jury trial include that the case will be decided by a judge.
>
> Jonathan Hawkins agrees that defense counsel advised him of his right to a trial by jury and the consequences of waiving that right: the case would proceed to a bench trial. Because Hawkins has not established that counsel's advice was deficient, we reject this ineffective of assistance counsel claim.

ECF No. 7-1 at 86–91.

The Deputy Commissioner for the Washington Supreme Court also noted that it was not deficient for counsel to convey to Petitioner that "emotionally charged facts," such as those in this case, "could influence a jury in a way that a judge has the training and experience to avoid." ECF No. 7-1 at 105.

In this case, the Court concludes it was not unreasonable for the State courts to find that Petitioner's trial counsel satisfied *Strickland*. The inquiry is not whether counsel's actions were reasonable, but whether there is "any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at 101. In its analysis, the Washington Court of Appeals expressly considered that the American Bar Association standards for criminal defense did not "enumerate the details defense counsel must provide a client when advising him or her about the decision to waive a jury trial." ECF No. 7-1 at 105. Instead, the court found the representation adequate when Petitioner's attorney advised him of the primary consequence of waiving a jury trial: "that the case will be decided by a

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** *10

judge." *Id.* The Court concludes that the State courts presented reasonable arguments that counsel satisfied the *Strickland* standard.

Defense attorneys should have conversations with their clients regarding the role of the judge in a bench trial, or the role of the jury in a jury trial—including whether a judge during a bench trial will decide aggravating sentencing factors. Similarly, counsel should inform a client that a jury verdict must be unanimous and bound by the law before the defendant can provide informed consent to waiver of a jury trial. However, 28 U.S.C. § 2254(d)(1) provides that a habeas petition shall not be granted unless the state court proceedings were contrary to, or involved an unreasonable application of, "clearly established Federal law, as determined by the Supreme Court of the United States."  The Court could not locate, and Petitioner did not cite to, clearly established law that necessitates a defense attorney provide the specific advice raised.

While Petitioner contends he would not have waived his right to a jury trial with the above-noted information, the record does not demonstrate a reasonable probability that Petitioner was prejudiced by waiver of the jury trial. This is not a situation where the Court can presume prejudice, as Petitioner was not subject to a "complete denial" of the advice of counsel. *Roe*, 528 U.S. at 471. The Court denies Petitioner's first and second claims for ineffective assistance of counsel under this deferential standard of review.

**Claim 3: False Evidence**

Petitioner next contends the State knowingly presented false and misleading evidence by presenting the testimony of Chelsea Hill and Caitlyn Hawkins at trial.

Petitioner challenges the testimony of Chelsea Hill—a foster parent of one of the victims, R.D.  Chelsea Hill testified to certain statements made to her by R.D.  Chelsea Hill testified that R.D. told her that Petitioner sexually assaulted her in a barn in Oregon. Petitioner argues Chelsea Hill's testimony was false and the State was aware of its falsity. For instance, Petitioner points to statements by

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** *11

Caitlyn Hawkins, who testified there was no barn on the Oregon property and there had never been an incident of penetration between Petitioner and R.D. Petitioner notes that law enforcement observed that there was a "large shed" on the property, as opposed to a barn.

Petitioner also challenges the testimony of Caitlyn Hawkins. Petitioner argues her testimony was false and unreliable because her story changed, and the State knew about Caitlyn Hawkins' change in testimony prior to trial. Petitioner does not elaborate as to how Caitlyn Hawkins' story changed prior to testifying.

The Washington Court of Appeals rejected Petitioner's false evidence claim. It reasoned:

> Jonathan Hawkins emphasizes Caitlyn Hawkins' competency evaluation report listed multiple diagnoses, including malingering. He asserts that the State knew that Caitlyn's testimony contained false statements. The competency evaluation report was not introduced at trial and only Jonathan's defense counsel claimed the report concluded Caitlyn malingered. We do not rely on facts not properly before this court.
>
> A conviction obtained by the knowing use of perjured testimony is fundamentally unfair and must be vacated if there is any reasonable likelihood that the false testimony could have affected the judgment of the trier of fact. *In re Personal Restraint of Benn*, 134 Wn.2d 868, 936, 952 P.2d 116 (1998). Conflicting witness testimony does not demonstrate that the witness committed perjury or that the prosecutor knew of any alleged perjury. *In re Personal Restraint of Monschke*, 160 Wn. App. 479, 498, 251 P.3d 884 (2010). We do not overturn credibility determinations made by the trier of fact. *In re Personal Restraint of Monschke*, 160 Wn. App. 479, 498 (2010); *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990). We conclude the State did not rely on known, false testimony.
>
> Moreover, the Deputy Commissioner ruled:
>
> Finally, Hawkins contends that the State knowingly presented false testimony and that an evidentiary hearing on this issue is justified. Hawkins refers first to testimony by the foster mother of one of the children, who related the child's hearsay statement that Hawkins and the child's maternal grandfather had sexually assaulted the child in the grandfather's barn in Oregon. Hawkins

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** *12

contends that this statement was false because there was no 'barn' on the property, only a shed and a garage with a lean-to, as other testimony revealed. Hawkins also points to the testimony of the child's mother, who said that there had never been such an incident and that the child had never been in the garage with either Hawkins or her father. But neither the child's mistaken characterization of a building on the property nor the mother's contrary testimony is evidence that the child's statement was certainly false and that the State knew it to be so. Conflicting testimony alone does not demonstrate that any of the witnesses committed perjury or that the State knew of any alleged perjury. *In re Pers. Restraint of Monschke*, 160 Wn. App. 479, 498, 251 P.3d 884 (2010). Hawkins also argues that the State knowingly allowed the child's mother (who had pleaded guilty to charges with an agreement to testify against Hawkins) to testify falsely. Hawkins points to changes in the mother's story at trial compared to statements the mother had made before, and to the fact that the State had previously backed out of an agreement with the mother after concluding she was prevaricating. But again, Hawkins does not show that the testimony the mother gave at trial was false and that the State knew it to be so. Hawkins does not present a sufficient prima facie showing that the State knowingly presented false testimony to justify a reference hearing.

Petitioner has failed to demonstrate that the State presented false evidence. There is no suggestion in the record that Chelsea Hill's or R.D.'s statements were actually false or that the prosecution knew or should have known they were false. *See Hein*, 601 F.3d at 908. The trial court reasonably concluded that R.D. mischaracterized the shed for a lean-to barn. The evidence cited by Petitioner does not establish that R.D.'s statements were false with any certainty, much less that the State knew or had reason to know they were false.

Petitioner also did not present evidence to indicate Caitlyn Hawkins' testimony was fabricated and the State knew or should have known of its fabrication. Petitioner's general allegations that Caitlyn Hawkins was not a credible witness is insufficient to show her testimony was perjured or false. Federal habeas courts cannot reassess fact-specific credibility judgments or weigh conflicting testimony, unless the underlying decision "was based on an

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** *13

unreasonable determination of the facts." 28 U.S.C. § 2254(d). The underlying decision was not unreasonable. Therefore, Petitioner's third claim fails.

Petitioner also has not demonstrated that reasonable jurists could disagree on the above issues. *Miller-El*, 537 U.S. at 336. The Court declines to issue a certificate of appealability on Claims 1, 2, and 3.

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED**.

2. The Clerk of Court is directed to **ENTER JUDGMENT** in favor of Respondent.

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court finds there is no basis upon which to issue a certificate of appealability. A certificate of appealability is therefore **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, provide copies to counsel, **enter judgment** in favor of Respondent, and **close** the file.

**DATED** this 19th day of April 2023.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** *14